UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY B. WILLIAMSON, #186967,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent,
_____/

Civil No. 2:12-14323
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTIONS FOR EQUITABLE TOLLING AND FOR THE APPOINTMENT OF COUNSEL, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Rodney B. Williamson, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for second-degree murder, M.C.L.A. 750.317; and possession of a firearm during the commission of a felony, M.C.L.A. 750.227b. Respondent has filed a motion for summary judgment, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a motion for equitable tolling and a reply to the motion, as well as a motion for the appointment of counsel. For the reasons stated below, the petition for a writ of habeas corpus is **SUMMARILY DENIED**.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Detroit Recorder's Court. Petitioner's direct appeals with the Michigan courts ended on November

1

29, 1989, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Williamson,* No. 85873 (Mich.S.Ct. November 29, 1989).

On September 30, 1994, petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Williamson,* No. 86-4526 (Detroit Recorder's Court, June 5, 1996). The Michigan Court of Appeals subsequently denied petitioner leave to appeal. *People v. Williamson,* No. 203751 (Mich.Ct.App. December 5, 1997). Petitioner did not seek leave to appeal with the Michigan Supreme Court. [1]

Petitioner filed a second motion for relief from judgment with the trial court on December 29, 2008. The trial court denied the motion. *People v. Williamson,* No. 86-4526 (Wayne County Circuit Court, June 17, 2009). [2] The trial court subsequently denied petitioner's motion for reconsideration. *People v. Williamson,* No. 86-4526 (Wayne County Circuit Court, December 7, 2009). Petitioner then filed a second motion for reconsideration, which was also denied. *People v. Williamson,* No. 86-4526 (Wayne County Circuit Court, April 16, 2010). The Michigan Court of Appeals denied petitioner leave to appeal. *People v. Williamson,* No. 300664 (Michigan Court of Appeals, December 8, 2010). Petitioner's motion for reconsideration was also denied. *People v. Williamson,* No. 300664 (Michigan Court of Appeals, January 13, 2011). The Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his second post-conviction motion

---

[1] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated December 4, 2012 (This Court's Dkt. # 11).

[2] In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Anthony v. Michigan,* 35 F. Supp. 2d 989, 996-97 (E.D. Mich. 1999).

on September 26, 2012. *People v. Williamson,* 490 Mich. 872; 803 N.W.2d 331 (2011)(Table). Petitioner's habeas application was filed on September 28, 2012.

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(*quoting* Fed. R. Civ. P. 56(c). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars

3

relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001). Thus, the AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F. 3d 506, 518-19 (3rd Cir. 2002). A merits decision is therefore unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on November 29, 1989. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on February 27, 1990, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had a one year grace period from this date to timely file a petition for habeas relief with the federal court. *See Israfil v. Russell*, 276 F. 3d 768, 771 (6th Cir. 2001). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d at 836.

Petitioner filed a post-conviction motion for relief from judgment with the state trial

court on September 30, 1994, prior to the enactment of the AEDPA's statute of limitations. 28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See Corbin v. Straub,* 156 F. Supp. 2d at 836 . Because petitioner's first post-conviction motion was still pending in the state courts on the enactment date of the AEDPA, the one year grace period for filing a habeas petition was further tolled until the conclusion of petitioner's state post-conviction proceedings. *See Israfil,* 276 F. 3d at 771. Post-conviction review of petitioner's first motion for relief from judgment was concluded when the Michigan Court of Appeals denied petitioner's application for leave to appeal on December 5, 1997. Although petitioner had fifty six days following the denial of his appeal by the Michigan Court of Appeals to file an application for leave to appeal with the Michigan Supreme Court, *See* M.C.R. 7.302(C)(3), petitioner never filed an application for leave to appeal with that court. A post-conviction application is "pending," within the meaning of 28 U.S.C. § 2244(d)(2), during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006)(citing *Carey v. Saffold*, 536 U.S. 214 (2002))(emphasis in original). Because petitioner never filed an application for leave to appeal with the Michigan Supreme Court, tolling of the limitations period ended when the Michigan Court of Appeals denied petitioner's post-conviction appeal on December 5, 1997. Petitioner therefore had until December 5, 1998 to timely file his habeas petition with this Court unless the limitations period was somehow otherwise tolled.

      Petitioner filed his second post-conviction motion for relief from judgment on

December 29, 2008, long after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002). Petitioner's second motion for relief from judgment which was filed in the state court after the expiration of limitations period therefore did not toll the limitations period. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir. 2004); *Hunt v. Stegall,* 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001).

Petitioner has filed a motion for equitable tolling. The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

In his motion for equitable tolling, petitioner argues that the limitations period should be equitably tolled because he suffers from a "mental impairment and learning disability." Petitioner has attached to this motion a page from his pre-sentence report that was prepared at the time of his sentencing that indicated that he had left Detroit Northeastern High School in 1979 as an "overage" student and had been in the tenth grade. The report indicates that petitioner had received all "E's" in his classes except for a "C" that he had

6

received in World History. The report indicates that petitioner had been tested in 1971 and found to be "mildly retarded." The report further indicates that petitioner had attended special education classes in elementary school and while he was at the Dexter School. Petitioner claims that because of his mild mental retardation, he did not understand the AEDPA's filing requirements. Petitioner further claims that both of his motions for relief from judgment were filed in the trial court by attorneys and that his current habeas petition was done by a "jailhouse lawyer."

A habeas petitioner's mental incompetence or incapacity may provide a basis for equitable tolling of the AEDPA's statute of limitations. *See Ata v. Scutt*, 662 F. 3d 736, 742 (6th Cir. 2011). In order to obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a habeas petitioner must show that (1) he is mentally incompetent, and (2) his mental incompetence caused his failure to comply with the AEDPA's statute of limitations. *Id.* Moreover, " a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* (internal citation omitted). In order for a habeas petitioner's mental incapacity to warrant the equitable tolling of the AEDPA's statute of limitations, "the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition." *Robertson v. Simpson,* 624 F. 3d at 785. Moreover, "[m]ental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. 2008); *See also Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition." *McSwain,* 287 Fed. Appx.

at 456, *See also Nowak v. Yukins*, 46 Fed.Appx. 257, 259 (6th Cir. 2002). A habeas petitioner must allege more than the "mere existence of physical or mental ailments" in order to qualify for the equitable tolling of the AEDPA's statute of limitations. *Brown v. McKee,* 232 F. Supp. 2d at 767.

In the present case, petitioner alleges that he suffers from mild mental retardation. A habeas petitioner's mild mental retardation is not grounds for equitably tolling the limitations period in the absence of any indication that this mild mental retardation made him unable to manage his court filings or participate in the court proceedings. *See Pinchon v. Myers,* 615 F. 3d 631, 641-42 (6th Cir. 2010).

Petitioner has failed to show that his mild mental retardation prevented him from timely filing his habeas petition. Petitioner was able to timely request the appointment of appellate counsel to file an appeal of right on his behalf with the Michigan Court of Appeals. Following the affirmance of his appeal by the Michigan Court of Appeals, petitioner managed to file his own timely letter request with the Michigan Supreme Court, in which he asked that court to grant him leave to appeal the Michigan Court of Appeals' decision affirming his conviction.[3] Petitioner had the wherewithal to hire an attorney to file his first post-conviction motion for relief from judgment with the trial court. Although petitioner hired an attorney to file his second motion for relief from judgment, petitioner filed his own *pro se* application for leave to appeal the denial of his second post-conviction motion for relief from judgment with the Michigan Court of Appeals, along with a motion to remand.

---

[3] *See* Dkt. # 12-11.

8

Petitioner subsequently filed a motion for reconsideration on his own behalf. [4] Petitioner thereafter filed a *pro se* application for leave to appeal the denial of his second post-conviction motion for relief from judgment with the Michigan Supreme Court. There is also some suggestion from the documents attached to the Michigan Supreme Court records that petitioner had filed his own *pro se* motions for reconsideration with the Wayne County Circuit Court after his second motion for relief from judgment was denied by that court. [5] Finally, petitioner managed to file his current habeas petition while suffering from this alleged disability.

In the present case, petitioner was able to pursue both direct and collateral challenges to his conviction in the state courts as well as federal post-conviction relief while suffering from his alleged mental impairment, thus, he has failed to show a causal connection between his mental impairment and his ability to timely file a habeas petition, so as to justify the equitable tolling of the limitations period. *See McSwain v. Davis,* 287 Fed. at 457; *See also Bilbrey v. Douglas,* 124 Fed. Appx. 971, 973 (6th Cir. 2005). Because petitioner has failed to show that his mild mental retardation prevented him from timely filing his habeas petition, he is not entitled to equitable tolling on this basis. *Pinchon,* 615 F. 3d at 641-42.

Petitioner also argues that the limitations period should be equitably tolled because he was unaware of the AEDPA's one year limitations period. Equitable tolling of the AEDPA's one-year limitations period is not warranted on the basis of petitioner's alleged

---

[4] *See* Dkt. # 12-14.

[5] *See* Dkt. # 12-15.

9

lack of actual or constructive knowledge of the filing requirement, because case law and the clear statutory provisions of the AEDPA regarding the statute of limitations afforded petitioner constructive knowledge of the filing deadline. *See Allen v. Yukins,* 366 F. 3d 396, 402-03 (6th Cir. 2004). In addition, even if petitioner lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling. *Id.*

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (*quoting Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (*quoting Schlup,* 513 U.S. at 321).

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Petitioner's sufficiency of evidence claim [Claim # 6] cannot be considered by

this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. *Redmond,* 295 F. Supp. 2d at 773; *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002). Accordingly, the Court will deny petitioner's motion for equitable tolling.

Petitioner has also field a motion for the appointment of counsel.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. See *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

In light of the fact that the issues involving the applicability of the statute of limitations to time-bar petitioner's habeas application are not particularly complex, the Court will deny petitioner's motion for the appointment of counsel. See e.g. *Wardlaw v. Cain*, 541 F. 3d 275, 279 (5th Cir. 2008).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability.

28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753. The Court will also deny petitioner leave to appeal *in forma*

*pauperis,* because the appeal would be frivolous. *Id.*

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the motions for equitable tolling [Dkt. # 7] and for the appointment of counsel [Dkt. # 8] are **DENIED.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                         s/Nancy G. Edmunds
                                         Nancy G. Edmunds
                                         United States District Judge

Dated: May 10, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 10, 2013, by electronic and/or ordinary mail.

                                         s/Johnetta M. Curry-Williams
                                         Case Manager
                                         Acting in the Absence of Carol Hemeyer